THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID T. GILCHRIST, et. al.,<br>          Plaintiffs,<br>v.<br>BAYVIEW LOAN SERVICING, LLC, et. al.,<br>          Defendants. | No.: 3:16-cv-05788<br><br>MOTION FOR SUMMARY JUDGMENT BY DEFENDANT QUALITY LOAN SERVICE CORP. OF WASHINGTON<br><br>NOTE ON MOTION CALENDAR:<br>OCTOBER 21, 2016 |

COMES NOW defendant Quality Loan Service Corp. of Washington ("Quality") and moves for summary judgment and dismissal under FRCP 56.

## I.     RELIEF REQUESTED

1.     An order of summary judgment dismissing Quality.

## II.     FACTS

In 2009, plaintiffs David and Leanne Gilchrist took out a $130,000.00 mortgage loan secured by a deed of trust against their real property in Longview, WA[1]. The promissory note given by the Gilchrists provides that the note may be sold and assigned by the original lender[2].

Sometime after loan origination, the promissory note was sold to the Federal Home Loan Mortgage Corp. ("Freddie Mac")[3]. Bank of America serviced the loan for Freddie Mac until July of 2015 when the servicing right transferred to defendant Bayview Loan Servicing, LLC ("Bayview")[4]. Bayview as current servicer holds the note which is endorsed-in-blank[5].

---

[1] Complaint Exhibits A and B
[2] Complaint Exhibit A ¶ 1
[3] Complaint pages 4-6; Complaint Exhibit D page 1 (identifying Freddie Mac as the loan owner)
[4] Decl of Herbert-West; Complaint ¶ 112; *see also Brown v. Dep't of Commerce*, 184 Wn.2d 509, 522 (Wash. 2015)

Motion
Page -1-
MH #WA-16-748494-CV

McCarthy & Holthus LLP
108 1st Ave South Ste 300
Seattle, Washington

In 2013, the Gilchrists stopped making their mortgage payments[6]. Failure to make mortgage payments was an event of default under the promissory note and deed of trust triggering the trustee's power of sale.

On November 2, 2015, Bayview appointed Quality as successor trustee under the deed of trust to advance a foreclosure of the property[7]. On November 10, 2015, Quality issued a Notice of Default[8]. The Notice of Default includes a statutory Foreclosure Loss Mitigation Declaration completed by Bank of America in June of 2015 when Bank of America was still servicing the loan.

On June 2, 2016, Quality issued a Notice of Sale scheduling an auction date of the property for October 7, 2016[9]. Prior to issuing the Notice of Sale, Quality obtained a statutory beneficiary declaration dated December 9, 2015 confirming Bavyiew holds the promissory note[10].

### III.   EVIDENCE RELIED UPON

1. The complaint and the undisputed facts this court may take judicial notice of;
2. Declaration of Sierra Herbert-West;
3. Records and files herein.

### IV.   LEGAL AUTHORITY

**A.   Standard on Motion For Summary Judgment.**

Summary judgment is appropriate where "the movant shows that there is no genuine

---

(Freddie Mac's loan servicers perform daily activities associated with the loan, such as invoicing borrowers, collecting mortgage payments, and generally interfacing with borrowers)

[5] Decl of Herbert-West Exhibit A (Bayview holds the promissory note); Complaint Exhibit F (copy of the endorsed-in-blank promissory note); *see also Brown v. Dep't of Commerce*, 184 Wn.2d 509, 523 (Wash. 2015) (Freddie Mac's loan servicer holds the promissory note, endorsed-in-blank, and enforces a loan default)

[6] Decl of Herbert-West Exhibit D page 2 (identifying the loan as due for 3/1/2013)

[7] Complaint Exhibit E; *see also* RCW 61.24.010 (an appointment of a new trustee only becomes effective when the instrument is recorded)

[8] Complaint Exhibit D

[9] Complaint Exhibit C

[10] Decl of Herbert-West Exhibit A

Motion  
Page -2-  
MH #WA-16-748494-CV

McCarthy & Holthus LLP  
108 1st Ave South Ste 300  
Seattle, Washington

dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a).  Here, summary judgment is appropriate in favor of defendant Quality.  Quality advanced the subject foreclosure pursuant to the law in all respects.  The Gilchrists have no claims for relief against Quality.  Quality should be dismissed with prejudice and without leave to amend.

**B.      Foreclosure Properly Advanced.**

Non-judicial foreclosures are governed by the Deed of Trust Act, RCW 61.24.  Parties cannot contract-around the Act.  *Bain v. Metro. Mortg. Grp., Inc.*, 175 Wn.2d 83, 108 (Wash. 2012); *Schroeder v. Excelsior Mgmt. Grp., LLC*, 177 Wn.2d 94, 107 (Wash. 2013).  If the borrower breaches his or her payment obligations, the deed of trust trustee may foreclose the home by trustee's sale. RCW 61.24.020; *Brown v. Dep't of Commerce*, 184 Wn.2d 509, 515-516 (Wash. 2015); *Bain v. Metro. Mortg. Grp., Inc.*, 175 Wn.2d 83, 93 (Wash. 2012).  The deed of trust "beneficiary" has the power to appoint a successor trustee and to instruct the trustee to initiate the foreclosure.  RCW 61.24.010(2); *Blair v. Nw. Tr. Servs., Inc.*, 193 Wn. App. 18, 31 (Wash. Ct. App. 2016).  The "beneficiary" of the deed of trust is the holder of the promissory note.  RCW 61.24.005(2); *Bain v. Metro. Mortg. Grp., Inc.*, 175 Wn.2d 83, 103-104 (Wash. 2012);  *Brown v. Dep't of Commerce*, 184 Wn.2d 509, 533 (Wash. 2015); *Deutsche Bank Nat'l Tr. Co. v. Slotke*, 192 Wn. App. 166, 177 (Wash. Ct. App. 2016) (deed of trust follows the promissory note).  The trustee, in verifying the identity of the "beneficiary", may rely on a statutory beneficiary declaration from the holder of the promissory note prior to issuing the Notice of Sale.  RCW 61.24.030(7)(a); *Brown v. Dep't of Commerce*, 184 Wn.2d 509, 544 (Wash. 2015).

Here, it is undisputed that the Gilchrist's mortgage loan is in default by reason of nonpayment and a foreclosure sale is appropriate.  Bayview holds the promissory note and is therefore the "beneficiary" of the deed of trust under the Deed of Trust Act.  Bayview as "beneficiary" had the authority to appoint Quality as successor trustee and advance the

Motion
Page -3-
MH #WA-16-748494-CV

McCarthy & Holthus LLP
108 1st Ave South Ste 300
Seattle, Washington

foreclosure sale. Furthermore, Quality obtained a statutory beneficiary declaration confirming Bayview is the promissory note holder before issuing the Notice of Sale. The foreclosure by Quality has been advanced in all respects on the proper authority.

**C.     Foreclosure Notices Issued Pursuant to Statute.**

The Notice of Default may be issued by the beneficiary or the trustee. RCW 61.24.030(8). The Notice of Sale is only issued by the trustee. RCW 61.24.040(1). The Notice of Sale may be posted on the property in lieu of personal service on the borrower, and the sale date must be published in a local newspaper. RCW 61.24.040(1)(e) (Notice of Sale may be posted on the property in lieu of service); RCW 61.24.040(3) (requiring publication of the Notice of Sale).

The contents of the Notice of Default and Notice of Sale also come from the statute. RCW 61.24.030(8)(a-k) (Notice of Default); RCW 61.24.040(1)(f) (Notice of Sale). The Notice of Default informs the borrower of the loan "owner" and "servicer". RCW 61.24.030(8)(l); *Brown v. Dep't of Commerce*, 184 Wn.2d 509, 515, 537 (Wash. 2015). The Notice of Sale identifies of the current assignee of the deed of trust within the public records:

> which is subject to that certain Deed of Trust dated . . . . . ., . . ., recorded . . . . . ., . . ., under Auditor's File No. . . . ., records of . . . . . . County, Washington, from . . . . . . . . ., as Grantor, to . . . . . . . . ., as Trustee, to secure an obligation in favor of . . . . . . . . ., as Beneficiary, the beneficial interest in which was assigned by . . . . . . . . ., under an Assignment recorded under Auditor's File No. . . . . [Include recording information for all counties if the Deed of Trust is recorded in more than one county.]

*Id*.

Quality's Notice of Default and Notice of Sale contain the correct statutory information. The Notice of Default appropriately identifies Freddie Mac as the loan "owner" and Bayview as the "servicer". Quality's Notice of Sale appropriately identifies the most recent publicly-

Page -4-
MH #WA-16-748494-CV

McCarthy & Holthus LLP
108 1st Ave South Ste 300
Seattle, Washington

recorded assignment of the deed of trust to Bayview[11]. There was no defect in the form of the notices. Furthermore, the statute requires the notice to be posted on the property and published. Any posting or publishing of the notices by Quality was done because it is required by statute, not to harass or embarrass the Gilchrists.

D.   **No Cause of Action Against Quality; Leave to Amend Should Be Denied.**

The Gilchrists have no legal cause of action against Quality. Putting aside that Quality is not a "debt collector" for the purposes of the FDCPA[12], Quality advanced the subject sale pursuant to the law in all respect. Quality did nothing wrong that would be actionable under either federal or state law. This is a frivolous lawsuit and it should be dismissed without leave to amend. *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (leave to amend can be denied where futile).

V.   **CONCLUSION**

There is no genuine issue of material fact and dismissal of Quality is appropriate as a matter of law and leave to amend should be denied as futile.

Dated: September 28, 2016

MCCARTHY & HOLTHUS, LLP

/s/ Joseph Ward McIntosh
Joseph Ward McIntosh, WSBA #39470
Attorney for Quality Loan Service Corp. of Washington

---

[11] The purpose of recording assignments is notice to third parties. *McPherson v. Homeward Residential*, 2014 U.S. Dist. LEXIS 15123 (W.D. Wash. Feb. 4, 2014). An assignment is not needed to transfer the deed of trust because the deed of trust automatically follows the note. *Bain v. Metro. Mortg. Grp., Inc.*, 175 Wn.2d 83, 104 (Wash. 2012) *Deutsche Bank Nat'l Tr. Co. v. Slotke*, 192 Wn. App. 166, 177 (Wash. Ct. App. 2016); *McAfee v. Select Portfolio Servicing, Inc.*, 193 Wn. App. 220, 228 (Wash. Ct. App. 2016). The first publicly recorded assignment of the deed of trust in this case was by MERS to Bank of America under Cowlitz County Recorder's No. 3483604. The assignment from MERS was notice of termination of its agency interest in the deed of trust. *Jackson v. Quality Loan Serv. Corp.*, 186 Wn. App. 838, 842 (Wash. Ct. App. 2015). The second publicly recorded assignment is by Bank of America to Bayview recorded under Cowlitz County Recorder's No. 3528784.

[12] The activity of foreclosing on a property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA. *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002); *Walker v. Quality Loan Serv. Corp. of Wash.*, 176 Wn. App. 294, 316 (Wash. Ct. App. 2013) (same).

Motion
Page -5-
MH #WA-16-748494-CV

McCarthy & Holthus LLP
108 1st Ave South Ste 300
Seattle, Washington