Hon. Robert J. Bryan

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID T. GILCHRIST, LEANNE L. GILCHRIST,<br><br>    Plaintiffs,<br><br>v.<br><br>BAYVIEW LOAN SERVICING, QUALITY LOAN SERVICE CORP. OF WASHINGTON,<br>,<br><br>    Defendants. | Case No.   16-cv-05788-RJB<br><br>**DEFENDANT BAYVIEW LOAN SERVICING, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFFS' TEMPORARY RESTRAINING ORDER**<br><br>NOTE ON CALENDAR: October 6, 2016<br><br>Complaint Filed:   September 15, 2016<br>First Amended Complaint Filed: September 28, 2016 |

## I.   INTRODUCTION

Plaintiffs cannot meet the burden necessary to obtain a temporary restraining order ("TRO") delaying a lawful nonjudicial foreclosure sale because: (1) Plaintiffs have not submitted *any* evidence showing a likelihood of success on the merits; and (2) the evidence that is before the court demonstrates that the sale is proper. Plaintiffs' motion is deficient on its face because it is not substantiated by factual support beyond the bare, *unverified* allegations of the Amended Complaint. Plaintiffs' misguided mission to avoid nonjudicial foreclosure fails on its merits because the central premise they require to be successful—that there is complete absence

of note ownership—is incorrect.  The trustee and beneficiary commenced a proper, nonjudicial foreclosure process, and this motion for a TRO should be denied.

## II.   FACTUAL BACKGROUND

**Plaintiffs' Loan and DOT**

Plaintiffs obtained a loan from Mann Mortgage, LLC, dba Life Mortgage ("Mann Mortgage"), on or about January 21, 2009.  [Dkt. 5, ¶ 10.]  Mann Mortgage executed a promissory note ("the Note") secured by a deed of trust ("DOT").  [Bayview's Exh. A: Deed of Trust.]  The DOT secured payment via a legal interest to Plaintiffs' property located at 457 21st Ave, Longview, Washington.  [Dkt. 5, ¶ 19.]  As part of the DOT, the beneficiary, or its assignee, maintained the following powers:

1) The ability to assign all or part of its interest.  Dkt. 1-2, Deed of Trust, Complaint Exh. B, "Definitions" (R), p. 3.

2) The ability to foreclose and sell the Property.  [*Id.*]

Mann Mortgage assigned Mortgage Electronic Registrations Systems Inc. ("MERS"), as a nominee and beneficiary of the DOT.  [*Id.*]  Mann Mortgage assigned Cowlitz County Title Company as the trustee of the DOT.  [*Id.*]

MERS then assigned the DOT to Bank of America for servicing.  [Bayview's Ex. B: 7/3/13 Assignment.]  On August 28, 2015, Bank of America assigned its interest to Bayview Loan Servicing, LLC.  [Bayview's Ex. C: 8/25/15 Assignment.]  On November 2, 2015, Bayview appointed Quality Loan Service Corporation of Washington ("Quality"), the successor trustee. Bayview's [Ex. D: Appointment of Successor Trustee.]  On December 9, 2015, Quality obtained the requisite declaration from Bayview affirming Bayview's ownership of the Note. [Dkt. 8, Decl. of Herbert West, Exh. 1.]

2

BAYVIEW RESP IN OPP TO TRO
Case No.: 16-cv-05788-RJB

Klinedinst PC
801 Second Ave., Ste. 1110
Seattle, WA 98104
(206) 682-7701

**The Pending Sale**

In 2013, Plaintiffs stopped making loan payments. [Dkt. 1-4, Notice of Default, Exh. D, p. 5.] Plaintiffs' Loan was in default, and such default triggered the right to initiate foreclosure. On November 10, 2015, Quality, acting as trustee, provided notice to Plaintiffs of their default on payments pursuant to the Note. [Dkt. 1-4, Notice of Default, Exh. D.] On June 2, 2016, Quality issued its Notice of Sale. [Dkt. 1-3, Exh. C.] The Trustee's Sale is currently scheduled for October 7, 2016. [*Id.*]

**Procedural History**

On September 15, 2016, Plaintiffs filed their 77-page Complaint, including numerous exhibits, with this Court. Plaintiffs alleged the following causes of action: FDCPA (15 U.S.C. § 1692), TCPA (47 U.S.C. § 227), and breach of contract. [Dkt. 1.]

On September 28, 2016, before serving Defendants with the initial Summons or Complaint, Plaintiffs filed an Amended Complaint adding claims for Deed of Trust Act ("DTA") violations, Declaratory Relief, "Wrongful Foreclosure Violation of RCW 6124. Et. Seq. and Injunctive Relief," Consumer Protection Claims (RCW 19.86), "Libel/Defamation of Title," and "Violation of 9A.82." [Dkt. 5.] Simultaneously, Plaintiffs filed this Motion for a Temporary Restraining Order seeking to restrain Quality Loan from conducting the trustee sale on October 7, 2016. [Dkt. 6.]

On September 28, 2016, Bayview filed its "Notice of Opposition to Motion for Temporary Restraining Order and Order to Show Cause."[1] Bayview now requests that the Court deny Plaintiff's Motion based on the following procedural, legal, and factual grounds.

---

[1] On September 28, Quality also filed Opposition to Plaintiffs' Motion, along with a Motion for Summary Judgment seeking dismissal of all claims against defendant Quality. Dkts. 7, 9.

3

BAYVIEW RESP IN OPP TO TRO
Case No.: 16-cv-05788-RJB

Klinedinst PC
801 Second Ave., Ste. 1110
Seattle, WA 98104
(206) 682-7701

## III.  DISCUSSION

### STANDARD FOR A TEMPORARY RESTRAINING ORDER

"Injunctive relief is an extraordinary remedy issued at the discretion of a court, when there is a compelling need." See *Natural Resources Defense Council, Inc v. EPA*, 966 F.2d 1292, 1300 (9th Cir. 1992).  The moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) a balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest.  *Winter v. Natural Res. Def. Council, Inc.,* 129 S. Ct. 365, 374 (2008).

Here, Plaintiffs fail to declare any facts supporting any of the *Winter* factors.   Plaintiffs provide conclusory allegations within the *unverified*, Amended Complaint.  Even accepting the bare allegations of the Amended Complaint as currently alleged (in legal conclusions), Plaintiffs will not succeed on the merits of the claims because Bayview properly holds the note and proceeded with a valid nonjudicial foreclosure process.   For these reasons, the Court should deny Plaintiffs' motion.

**A. Plaintiffs Do Not Present Verified Evidence Supporting Their Motion and Thus Cannot Show Any Likelihood of Prevailing on the Merits**

In the case of *Sampson v. Murray*, the United States Supreme Court reversed a Court of Appeals ruling which approved the district court's action granting ex parte temporary restraining order when no witnesses were heard on issue of irreparable injury, the complaint was not verified, and the affidavit submitted to district court did not relate to irreparable injury. *Sampson v. Murray*, 415 U.S. 61, 91–92, 94 S. Ct. 937, 39 L. Ed. 2d 166 (1974).  Here, the Court is faced with similar circumstances.

Plaintiffs have not presented any evidence supporting the underlying merits of their claims.  Plaintiffs have not filed a *verified* Complaint or any evidence accompanying their

4

BAYVIEW RESP IN OPP TO TRO
Case No.: 16-cv-05788-RJB

Klinedinst PC
801 Second Ave., Ste. 1110
Seattle, WA 98104
(206) 682-7701

motion to address the likelihood of prevailing on their claims.[2] Plaintiffs have not submitted any affidavits supporting claims of irreparable harm to Plaintiffs if the sale proceeds.

Without supporting evidence, Plaintiffs cannot demonstrate the "likelihood of prevailing on the merits" or irreparable harm.[3] *Winter,* supra at 374. The Court should deny Plaintiffs' motion on this basis alone.

**B. Plaintiffs Have Not Demonstrated A Likelihood of Prevailing on the Merits of their DTA or CPA Claims**

In their motion, Plaintiffs only highlight two of their various claims presented in the Amended Complaint.[4] Regardless of their failure to substantiate the likelihood of success on all of their claims (including potential irreparable harm), Plaintiffs' claims for declaratory judgment and CPA claims fail for numerous reasons.[5]

Plaintiffs cannot prove any impropriety with the nonjudicial foreclosure process in order to sustain their claims for declaratory relief, DTA, or any alleged CPA claims.[6] Even putting aside the procedural issues in Plaintiffs' motion, Plaintiffs' reliance upon the DTA is misguided. Washington courts recognize that a security instrument follows the note it secures. *Deutsche*

---

[2] Plaintiffs claim the evidence relied upon is "the Amended Complaint, on file herein and the moving papers and accompanying exhibits filed in the above entitled action and the records and files herein." Dkt. 6, p. 3. Even assuming the Court takes judicial notice of the publicly-recorded documents, they fail to advance Plaintiffs' cause for the reasons discussed in section B, *infra*.

[3] Pursuant to Fed. R. Civ. P. 11, an unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances *that the factual contentions have evidentiary support* or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. (emphasis added)

[4] FDCPA/TCPA claims do not support a request for a TRO because Plaintiffs have not substantiated any claims with evidence to prove violations under 15 U.S.C. § 1692(f)(6). But even if a TCPA violation were before the court, proving that violation would not dictate a TRO as it would have no impact on the sale.

[5] Despite making claims under various legal theories, Plaintiffs only refer to two legal claims in support of their Motion for a TRO.

[6] Plaintiffs have not presented evidence that Bayview committed any wrongful conduct in order to sustain any independent CPA claims, beyond the alleged CPA connected to DTA claims. Instead, in almost identical recitation of the legal elements, Plaintiffs claim that, several acts were deceptive and unfair on their face. Dkt. 6, ps. 6-7. Given Plaintiffs' failure to cite specific acts that were deceptive or unfair, Plaintiffs likelihood of prevailing on the merits is absent, and the Court cannot issue a TRO on the basis of such unsubstantiated legal conclusions.

5

BAYVIEW RESP IN OPP TO TRO  
Case No.: 16-cv-05788-RJB

Klinedinst PC  
801 Second Ave., Ste. 1110  
Seattle, WA 98104  
(206) 682-7701

*Bank Nat'l Tr. Co. v. Slotke*, 192 Wn. App. 166, 177 & n. 42, 367 P.3d 600 (2016); *McAfee v. Select Portfolio Servicing, Inc.*, 193 Wn. App. 220, 228, 370 P.3d 25, 30 (2016).

Here, despite Plaintiffs' insistent allegations that MERS is currently involved in the loan, MERS assigned its rights in full to Bank of America on July 3, 2013. [Bayview's Exh. B: 7/3/13.] On August 28, 2015, Bank of America assigned its interest to Bayview Loan Servicing, LLC.[7] [Bayview's Ex. C: 8/25/15 Assignment.] On December 9, 2015, Quality obtained the requisite declaration from Bayview affirming Bayview's ownership of the Note. [Dkt. 8, Decl. of Herbert West, Exh. 1.] This is consistent with the Notice of Trustee's Sale. [Dkt. 1-3, Exh. C.] On this basis and Bayview's recognition contained within the Beneficiary Declaration, Bayview may rebut any alleged DTA improprieties, and the foreclosure process was proper. [Dkt. 8, Decl. of Herbert West, Exh. 1.]

Plaintiffs do not have any chance of success on the merits of any DTA or CPA claims in this action, thus giving them zero likelihood of prevailing on the merits or indicating that they may sustain irreparable harm if the foreclosure sale proceeds. Upon inspection of the DTA statutes cited by Plaintiffs, it becomes evident that Defendant has fully complied with the DTA, and the extraordinary remedy of enjoining the sale should not be granted. The Court should deny the motion.

**C. The Court Should Only Grant a TRO On the Condition That Plaintiffs File a Bond.**

Even assuming Plaintiffs overcome the high bar on the likelihood of the merits and irreparable harm, which Bayview does not concede, Plaintiffs must be ordered to pay the clerk of court the periodic amount of principal, interest and reserves due on the loan. RCW

---

[7] In fact, the Assignment references the fact that Bank of America transferred to Bayview, "all beneficial interest under that certain Deed of Trust described below *together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Deed of Trust.*" [Bayview's Ex. C: 8/25/15 Assignment.]

6

BAYVIEW RESP IN OPP TO TRO
Case No.: 16-cv-05788-RJB

Klinedinst PC
801 Second Ave., Ste. 1110
Seattle, WA 98104
(206) 682-7701

1  61.24.130(1)(a).  This amount is $678.00 monthly.

## IV.  CONCLUSION

Plaintiffs' attempt to restrain the nonjudicial foreclosure sale via a TRO fails for numerous reasons.  Despite alleged improprieties and implications of breaches or omissions, Plaintiffs simply do not present any substantiated evidence in support of their motion.  Thus, as a matter of law, the Court should not grant Plaintiffs' motion and restrain the sale.  Moreover, Plaintiffs' failure to present any evidence shows both prongs: (1) the likelihood of prevailing on the merits, or (2) any irreparable harm stemming from the foreclosure sale cannot be satisfied.  Accordingly, Bayview respectfully requests Plaintiffs' motion for a TRO be denied.

KLINEDINST PC

DATED: September 29, 2016     By:  /s/ Anthony C. Soldato
                                   Gregor A. Hensrude, WSBA #45918
                                   ghensrude@klinedinstlaw.com
                                   Anthony C. Soldato, WSBA #46206
                                   asoldato@klinedinstlaw.com
                                   Klinedinst PC
                                   801 Second Ave., Ste. 1110
                                   Seattle, WA 98104
                                   Phone:  206.682.7701
                                   Attorneys for Defendant
                                   BAYVIEW LOAN SERVICING, LLC

16781315v1

7

BAYVIEW RESP IN OPP TO TRO                              Klinedinst PC
Case No.: 16-cv-05788-RJB                         801 Second Ave., Ste. 1110
                                                       Seattle, WA 98104
                                                        (206) 682-7701