THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID T. GILCHRIST, et. al., <br>                              Plaintiffs, <br> v. <br> BAYVIEW LOAN SERVICING, LLC, et. al., <br>                              Defendants. | No.: 3:16-cv-05788 <br><br> REPLY IN SUPPORT OF SUMMARY JUDGMENT BY DEFENDANT QUALITY LOAN SERVICE CORP. OF WASHINGTON <br><br> **NOTE ON MOTION CALENDAR: OCTOBER 21, 2016** |

COMES NOW defendant Quality Loan Service Corp. of Washington ("Quality") and submits this reply in support of summary judgment.

## I.     REPLY

**A.     The Gilchrist's Response Is Untimely and Not Supported By Declaration.**

Under LCR 7(d)(3), a response to a motion for summary judgment is due filed and served the Monday before the noting date. Quality's motion for summary judgment was noted for October 21, 2016. The Gilchrists' response was filed and served October 24, 2016. The Gilchrists' response is untimely and should not be considered.

Additionally, FRCP 56(c)(4) requires that responsive facts be set forth by "affidavit made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." The Gilchrists have failed to file complying affidavits in response to summary judgment. To the extent they ask the court to consider facts and documents in response to summary judgment, they have failed to follow the proper procedures, and the court should decline to do so.

Reply <br>
Page -1- <br>
MH #WA-16-748494-CV <br>
McCarthy & Holthus LLP <br>
108 1st Ave S, Ste 300 <br>
Seattle, WA 98104

### B. Quality Complied With State Law In Advancing Foreclosure.

According to Quality's records, which were received in the ordinary course from the loan servicer, the loan in question is owned by Freddie Mac. This was verified through Quality's declaration submitted in support of summary judgment. The Gilchrists have not timely submitted evidence in response creating a genuine issue of material fact as to Freddie Mac's ownership of the loan.

The Gilchrists need look no farther than *Brown v. Dep't of Commerce*, 184 Wn.2d 509, 533 (Wash. 2015) to understand how Freddie Mac mortgage loans work and how they are enforced under Washington law. Freddie Mac purchases loans from originating lenders and utilizes a loan servicer to perform daily activities associated with the loan, such as invoicing borrowers, collecting mortgage payments, and generally interfacing with borrowers. *Id*. at 521-22. Under the servicing agreement, the loan servicer holds the promissory note, endorsed in blank, and enforces a default. *Id*. at 522-23. Because the loan servicer holds and enforces the promissory note, the loan servicer is the beneficiary of the deed of trust under Washington law. *Id*. at 540; RCW 61.24.005(2) (beneficiary is the holder of the note).

As explained in Quality's motion for summary judgment, this foreclosure was advanced by Quality pursuant to the law in all respects. Bayview, the current loan servicer for Freddie Mac[1], is the beneficiary of the deed of trust because Bayview holds the note. Bayview, as beneficiary, had the ability to appoint Quality as successor trustee to advance the foreclosure. Furthermore, the foreclosure notices issue by Quality identified the correct statutory information. The Notice of Default correctly identified Bayview as the loan servicer and Freddie Mac as the owner. The Notice of Sale correctly identified the most current assignment of the deed of trust to Bayview. These foreclosure forms come directly from the statute; they are not Quality's

---

[1] Bank of America was the prior servicer of the loan.

Reply
Page -2-
MH #WA-16-748494-CV

McCarthy & Holthus LLP
108 1st Ave S, Ste 300
Seattle, WA 98104

creation. Quality's duty as trustee is to input the correct information into the statutory form, which it did.

### C.  Quality Is Not A "Debt Collector" under the FDCPA.

Notwithstanding that Quality advanced the foreclosure pursuant to the law in all respects, it could still not be held liable for unlawful debt collection under the FDCPA because nonjudicial foreclosures are not "debt collection". This has been recognized by state and federal courts within the 9th circuit for many years[2], and was recently affirmed by the 9th Circuit Court of Appeals itself in *Vien-Phuong Thi Ho v. Recontrust Co., NA*, 2016 U.S. App. LEXIS 18836 (9th Cir. Cal. Oct. 19, 2016). The *Vien-Phuong* case involved California's non-judicial foreclosure statute, which Washington's was modeled-after. Both state statutes require a Notice of Default followed by a Notice of Sale. *Id*.; RCW 61.24.030(8); RCW 61.24.040(1). The notices set forth the loan arrears and the payment required to cure and discontinue the sale. *Id*.; RCW 61.24.030(8)(d-g); RCW 61.24.040(1)(f)(III-IV). Additionally, trustee's sales under both state statutes extinguish the debt for residential loans and no deficiency can be collected. *Id*.; RCW 61.24.100. Given the similarity of the statutes, the analysis from *Vien-Phuong* is equally applicable to Washington trustees. Because in this case Quality was advancing a nonjudicial foreclosure of the property pursuant to the statute, and nothing more, it was not engaged in debt collection and is not a "debt collector" under the FDCPA.

### D.  Quality Did Not Violate 15 USC 1692(f)(6).

15 USC 1692(f)(6), which is broader in scope and applies to the enforcement of a security interest, provides that it is a violation of the FDCPA to do the following:

> (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if--
>     (A) there is no present right to possession of the property claimed as collateral

---

[2] Hulse v. Ocwen Fed. Bank, FSB, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002); Walker v. Quality Loan Serv. Corp. of Wash., 176 Wn. App. 294, 316 (Wash. Ct. App. 2013).

Reply
Page -3-
MH #WA-16-748494-CV

McCarthy & Holthus LLP
108 1st Ave S, Ste 300
Seattle, WA 98104

        through an enforceable security interest;
(B) there is no present intention to take possession of the property; or
(C) the property is exempt by law from such dispossession or disablement.

The Gilchrists' have failed to produce evidence in opposition to summary judgment creating a genuine issue of material facts as to a violation by Quality of 1692(f)(6).  The Gilchrists do not challenge the deed of trust as a valid encumbrance against their property, securing an obligation in default.  And as already discussed, Quality was properly appointed beneficiary of the deed of trust by the holder of the promissory note.  There has been no violation of 1692(f)(6) by Quality.

## II.  CONCLUSION

There is no genuine issue of material fact and dismissal of Quality is appropriate as a matter of law and leave to amend should be denied as futile.

Dated: October 25, 2016

MCCARTHY & HOLTHUS, LLP

/s/ Joseph Ward McIntosh
Joseph Ward McIntosh, WSBA #39470
Attorney for Quality Loan Service Corp. of Washington

Reply
Page -4-
MH #WA-16-748494-CV

McCarthy & Holthus LLP
108 1st Ave S, Ste 300
Seattle, WA 98104