1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

DAVID T. GILCHRIST, and LEANNE L. GILCHRIST,

12

Plaintiffs,

13

v.

14

BAYVIEW LOAN SERVICING, LLC; QUALITY LOAN SERVICE CORP. OF WASHINGTON,

15

16

Defendants.

CASE NO. C16-5788 RJB

ORDER ON DEFENDANT QUALITY LOAN SERVICE CORP. OF WASHINGTON'S MOTION FOR SUMMARY JUDGMENT

17

18

     This matter comes before the Court on Defendant Quality Loan Service Corp. of

19

Washington's Motion for Summary Judgment.  Dkt. 7.  The Court has considered the pleadings

filed regarding the motion and the remaining file.

20

     Plaintiffs filed this case on September 15, 2016, against Defendant Bayview Loan

21

Servicing LLC ("Bayview") and Quality Loan Service Corp. of Washington ("Quality"), in

22

connection with non-judicial foreclosure proceedings initiated against property located at 457

23

21st Avenue, Longview Washington ("subject property").  Dkt. 1.  Quality now moves for

24

1   summary dismissal of the claims asserted against it.  Dkt. 7.  For the reasons provided, the

2   motion should be granted, in part, and the FDCPA and breach of contract claims asserted against

3   it should be dismissed from this case.  The remainder of the motion for summary judgment

4   should be denied without prejudice.

5                           **I.**     <u>**FACTS**</u>

6         On January 23, 2009, Plaintiffs executed a Note (dated January 21, 2009) for $130,000

7   and promised to make payments to the Lender, "Mann Mortgage, LLC dba Life Mortgage," to

8   purchase the subject property.  Dkt. 20-5, at 28-29.  The Note provides that the Plaintiffs

9   "understand that the Lender may transfer this Note.  The Lender or anyone who takes this Note

10   by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'"

11   *Id.,* at 28.

12         That same day, Plaintiffs, as "Borrower," also signed a Deed of Trust (dated January 21,

13   2009) securing interest in the subject property in "Mann Mortgage, LLC dba Life Mortgage" for

14   repayment of the Note and performance under the Note and Deed of Trust.  Dkt. 20-5, at 10-23.

15   The Deed of Trust was recorded in Cowlitz County Washington on January 28, 2009 under

16   Auditor's File No. 3385178.  *Id.*  The Deed of Trust provides that: "Borrower irrevocably grants

17   and conveys to Trustee, in trust, with power of sale" the subject property.  Dkt. 20-5, at 12.  The

18   Deed of Trust defines the "Trustee" is "Cowlitz County Title Company."  Dkt. 20-5, at 11.

19   Mortgage Electronic Registration System ("MERS") was identified as the "beneficiary" of the

20   Deed of Trust "solely as nominee for Lender and Lender's successors and assigns, and the

21   successors and assigns of MERS."  Dkt. 20-5, at 12.

22         The Deed of Trust provides that the "[n]ote or a partial interest under the Note (together

23   with this Security Instrument) can be sold one or more times without prior notice to Borrower."

24

ORDER ON DEFENDANT QUALITY LOAN
SERVICE CORP. OF WASHINGTON'S MOTION
FOR SUMMARY JUDGMENT- 2

1  Dkt. 20-5, at 21.  It further provides that "[a] sale might result in a change in the entity (known as

2  the 'Loan Servicer') that collects Periodic Payments due under the Note and this Security

3  Instrument, and Applicable Law."  *Id.*  The Deed of Trust also provides that the "Lender may

4  from time to time appoint a successor trustee to any Trustee appointed hereunder who has ceased

5  to act.  Without conveyance of the Property, the successor trustee shall succeed to all the title,

6  power and duties conferred upon Trustee herein."  Dkt. 20-5, at 22.

7         In March of 2013, Plaintiffs stopped making payments on the loan.  Dkt. 5.

8         On June 18, 2013, MERS, as nominee for "Mann Mortgage LLC dba Life Mortgage,"

9  assigned and transferred to "Bank of America NA, and its successors and assigns, all its right

10  title and interest in" Plaintiffs' Deed of Trust.  Dkt. 20-5, at 25.  This Assignment of the Deed of

11  Trust was recorded in Cowlitz County Washington on July 3, 2013.  Dkt. 20-5, at 25.

12     On June 19, 2015, Quality sent Plaintiffs a letter, informing them that they loan had been

13  referred to Quality to advance non-judicial foreclosure.  Dkt. 20-2, at 1.

14     On July 10, 2015, a "Declaration of Beneficiary Pursuant to RCW 61.24.030" was executed

15  by Bank of America N.A., declaring it was "the beneficiary . . . and actual holder of the

16  promissory note or other obligation secured by the deed of trust" regarding the subject property.

17  Dkt. 20-5, at 31.

18     On August 7, 2015, Bank of America N.A. "grant[ed], [sold], assign[ed], transfer[red] and

19  convey[ed]" to Bayview "all beneficial interest under" the Deed of Trust "together with the

20  note(s) and obligations therein described and the money due and to become due thereon with

21  interest and all rights accrued or to accrue under said Deed of Trust."  Dkt. 1-7, at 2.  This

22  assignment was recorded in Cowlitz County on August 25, 2015.  *Id.*

23

24

ORDER ON DEFENDANT QUALITY LOAN
SERVICE CORP. OF WASHINGTON'S MOTION
FOR SUMMARY JUDGMENT- 3

1      On August 13, 2015, Bayview appointed Quality as the successor trustee under the Deed of

2  Trust.  Dkt. 20-8, at 3-4.  That document provided:

3          NOTICE IS HEREBY GIVEN that QUALITY LOAN SERVICE
           CORPORATION OF WASHINGTON . . . is hereby appointed Successor Trustee
4          under that certain Deed of Trust dated 1/21/2009, executed by DAVID T.
           GILCHRIST AND LEANNE L. GILCHRIST . . . as Grantor, in which COWLIZ
5          COUNTY TITLE COMPANY was named as Trustee, MORTGAGE
           ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR
6          MANN MORTGAGE, LLC DBA LIFE  MORTGAGE as Beneficiary, . . .
           whereas, Bayview Loan Servicing, LLC  is the present Beneficiary under said
7          Deed of Trust, and desires to appoint and hereby does appoint QUALITY LOAN
           SERVICE CORPORATION OF WASUINGTON as the new Trustee in place and
8          stead of the present Trustee thereunder.

9  *Id.* This assignment was recorded in Cowlitz County on November 2, 2015.  *Id.*

10      Quality sent Plaintiffs a Notice of Default on November 10, 2015.  Dkt. 20-9, at 20-26.

11      On December 9, 2015, Bayview executed a "Declaration of Beneficiary (Pursuant to

12  RCW 61.24.030 (SB5810))," declaring that it "is the actual holder of the Promissory Note, dated

13  1/21/2009, in the principal amount of $130,000, which is secured by the Deed of Trust recorded

14  in Cowlitz County under Auditor's File No. 3385178."  Dkt. 20-9, at 12.

15      On June 3, 2016, Quality recorded, in Cowlitz County, a "Notice of Trustee's Sale"

16  regarding the subject property.  Dkt. 1-3.  The subject property was to be sold on October 7,

17  2016.  *Id.*

18      Plaintiffs filed this case on September 15, 2016.  Dkt. 1. In their Amended Complaint,

19  Plaintiffs assert claims against both Defendants for violations of the Fair Debt Collections Act,

20  15 U.S.C. § 1692, *et. seq*. ("FDCPA"), violations of Washington's Consumer Protection Act,

21  RCW 19.68, *et. seq*. ("CPA"), breach of contract, "liable/defamation of title," and "for violation

22  of RCW 9A.82 *et. seq*.," Washington's Criminal Profiteering Act.  Dkt. 5.  Plaintiffs assert a

23  claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. ("TCPA"),

24

ORDER ON DEFENDANT QUALITY LOAN
SERVICE CORP. OF WASHINGTON'S MOTION
FOR SUMMARY JUDGMENT- 4

1   against Bayview.  *Id.*  Plaintiffs also make a claim for "wrongful foreclosure violation of RCW

2   61.24, *et. seq*., and injunctive relief."  *Id.* Plaintiffs seek damages and injunctive relief.  *Id.*

3       Plaintiffs filed their Amended Complaint on September 28, 2016 at five minutes after

4   midnight.  Dkt. 5.

5       Quality filed the instant motion for summary judgment that same day, at 12:04 p.m.  Dkt. 7.

6   Quality argues that the non-judicial foreclosure of Plaintiffs' property was properly advanced in

7   accord with the Washington Deed of Trust Act (including the required notices) and with federal

8   law.  *Id.*  It asserts that it is not a debt collector for the purposes of the FDCPA.  *Id.*  Aside from

9   the FDCPA claim, Quality does not specifically address any of the other claims asserted in the

10  Plaintiffs' Amended Complaint. It argues generally that the Plaintiffs' "have no legal cause of

11  action against Quality" and that it has "done nothing wrong that would be actionable under either

12  federal or state law."  *Id.*  Plaintiffs' response focuses only on the FDCPA claim and also does

13  not address the motion in regard to the other claims advanced in the Amended Complaint.  Dkt.

14  20.

15      On October 5, 2016, Plaintiffs' motion for a preliminary injunction to enjoin the foreclosure

16  proceedings was denied.  Dkt. 17, at 3.

17                         **II.   DISCUSSION**

18  **A.  SUMMARY JUDGMENT STANDARD**

19      Summary judgment is proper only if the pleadings, the discovery and disclosure materials on

20  file, and any affidavits show that there is no genuine issue as to any material fact and that the

21  movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c). The moving party is

22  entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

23  showing on an essential element of a claim in the case on which the nonmoving party has the

24

1   burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue

2   of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find

3   for the non moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

4   (1986)(nonmoving party must present specific, significant probative evidence, not simply "some

5   metaphysical doubt.").  *See also* Fed.R.Civ.P. 56(e).  Conversely, a genuine dispute over a

6   material fact exists if there is sufficient evidence supporting the claimed factual dispute,

7   requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty*

8   *Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors*

9   *Association*, 809 F.2d 626, 630 (9th Cir. 1987).

10      The determination of the existence of a material fact is often a close question.  The court

11   must consider the substantive evidentiary burden that the nonmoving party must meet at trial –

12   e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254, T.W. *Elect.*

13   *Service Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor

14   of the nonmoving party only when the facts specifically attested by that party contradict facts

15   specifically attested by the moving party.  The nonmoving party may not merely state that it will

16   discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial

17   to support the claim.  *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*).

18   Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not

19   be "presumed."  *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

20   **B.  CONSIDERATION OF PLAINTIFFS' LATE FILED RESPONSE**

21      Quality filed its motion for summary judgment on September 28, 2016, and noted the motion

22   for consideration on October 21, 2016. Dkt. 7.  Under Local Rule W.D. Wash. 7(d)(3),

23   opposition papers are to be filed no later than the Monday before the noting date.  Plaintiffs'

24

1    response was due on October 17, 2016.  Plaintiffs filed their response on October 24, 2016.  Dkt.

2    20.

3         In the interest of fully considering the issues raised, the court should consider Plaintiffs' late

4    filed response.  Plaintiffs are notified, though, that they are expected to follow the federal and

5    local rules, including observing deadlines.

6    **C.  FDCPA CLAIM – QUALITY AS A "DEBT COLLECTOR?"**

7         "The FDCPA subjects 'debt collectors' to civil damages for engaging in certain abusive

8    practices while attempting to collect debts."  *Ho v. ReconTrust Co., NA*, ___ F.3d ____, 2016

9    WL 6091564, at *3 (9th Cir. Oct. 19, 2016)(*citing* 15 U.S.C. §§ 1692d–f, 1692k).  The FDCPA

10   applies only to "debt collectors" as defined by that statute. 15 U.S.C. § 1692a(6); *Schlegel v.*

11   *Wells Fargo Bank, NA*, 720 F.3d 1204, 1208 (9th Cir. 2013).  "The statute's general definition of

12   'debt collector' captures any entity that 'regularly collects or attempts to collect, directly or

13   indirectly, debts owed or due or asserted to be owed or due [to] another.'" *Ho,* at 3, (*quoting* §

14   1692a(6)).  Debt is defined as an "obligation ... of a consumer to pay money." *Id.* (*quoting* §

15   1692a(5)).

16        In *Ho*, the Ninth Circuit considered whether a deed of trust trustee's actions related to a

17   non-judicial foreclosure could be the basis for claims under FDCPA.  After noting that the

18   trustee "would only be liable if it attempted to collect money" and it did not do so, "directly or

19   otherwise," it concluded that "actions taken to facilitate a non-judicial foreclosure, such as

20   sending the notice of default and notice of sale, are not attempts to collect 'debt' as that term is

21   defined by the FDCPA." *Id.*  In so concluding, the Court reasoned that the "object of a non-

22   judicial foreclosure is to retake and resell the security, not to collect money from the borrower."

23   *Id.*  It noted that "California law does not allow for a deficiency judgment following non-judicial

24

1  foreclosure. This means that the foreclosure extinguishes the entire debt even if it results in a

2  recovery of less than the amount of the debt." *Id.*

3      Plaintiffs' claims against Quality under the FDCPA should be dismissed.  Washington law,

4  like California law, does not result in a mortgagor's obligation to pay money after a non-judicial

5  foreclosure.  RCW 61.24.100(1)("a deficiency judgment shall not be obtained on the obligations

6  secured by a deed of trust against any borrower, grantor, or guarantor after a trustee's sale under

7  that deed of trust").  Non-judicial foreclosures in Washington result in the sale of property

8  subject to a deed of trust; "the foreclosure extinguishes the entire debt." *See Ho*.  (Plaintiffs'

9  citation to cases regarding deeds of trusts on commercial loans are not relevant because RCW

10  61.24.100's prohibition on deficiency judgments contains exceptions in the commercial context.

11  It is undisputed that the Deed of Trust here secures a non-commercial property.) "An entity does

12  not become a general 'debt collector' if its only role in the debt collection process is the

13  enforcement of a security interest." *Ho,* at 4.  Quality's actions were taken in connection with

14  enforcing a security interest.  Plaintiffs point to no evidence to the contrary. "The right to enforce

15  the security interest necessarily implies the right to send the required notices . . . Enforcement of

16  a security interest will often involve communications between the forecloser and the consumer."

17  *Id*.  In light of the Ninth Circuit's holding in *Ho*, Plaintiffs' citation to authority from other courts

18  is unhelpful.

19      **D. FDCPA CLAIM OR BREACH OF CONTRACT CLAIM**

20      To the extent Plaintiffs maintain that Quality was improperly appointed as successor trustee,

21  the arguments are wholly without merit and are frivolous. To the extent that either Plaintiffs'

22  FDCPA claim or their breach of contract claim is based on this allegation, the claims should be

23  dismissed.  The documents Plaintiffs executed contained provisions which permitted the sale of

24

ORDER ON DEFENDANT QUALITY LOAN
SERVICE CORP. OF WASHINGTON'S MOTION
FOR SUMMARY JUDGMENT- 8

1  the note and deed of trust and for the appointment of a successor trustee.  Plaintiffs' Deed of

2  Trust specifically provided that the "[n]ote or a partial interest under the Note (together with this

3  Security Instrument) can be sold one or more times without prior notice to Borrower."  Dkt. 20-

4  5, at 21.  It further notes that "[a] sale might result in a change in the entity (known as the 'Loan

5  Servicer') that collects Periodic Payments due under the Note and this Security Instrument, and

6  Applicable Law."  *Id.*  The Note itself provides that the Plaintiffs "understand that the Lender

7  may transfer this Note.  The Lender or anyone who takes this Note by transfer and who is

8  entitled to receive payments under this Note is called the 'Note Holder.'"  Dkt. 20-5, at 28-29.

9  Further, the Deed of Trust provides that the: "Lender may from time to time appoint a successor

10  trustee to any Trustee appointed hereunder who has ceased to act.  Without conveyance of the

11  Property, the successor trustee shall succeed to all the title, power and duties conferred upon

12  Trustee herein."  Dkt. 20-5, at 22.  Plaintiffs' original lender, through its nominee MERS,

13  assigned and transferred to "Bank of America NA, and its successors and assigns, all its right

14  title and interest in" Plaintiffs' Deed of Trust.  Dkt. 20-5, at 25.  After Bank of America declared

15  itself the actual "holder" of Plaintiffs' Note, Dkt. 20-5, at 31, Bank of America NA then

16  "grant[ed], [sold], assign[ed], transfer[red] and convey[ed]" to Bayview "all beneficial interest

17  under" the Deed of Trust "together with the note(s) and obligations therein described and the

18  money due and to become due thereon with interest and all rights accrued or to accrue under said

19  Deed of Trust."  Dkt. 1-7, at 2.  A few days later, Bayview appointed Quality as the successor

20  trustee under the Deed of Trust.  Dkt. 20-8, at 3-4.  Bayview then executed a "Declaration of

21  Beneficiary (Pursuant to RCW 61.24.030 (SB5810))," declaring that it "is the actual holder of

22  the Promissory Note, dated 1/21/2009, in the principal amount of $130,000, which is secured by

23  the Deed of Trust recorded in Cowlitz County under Auditor's File No. 3385178."  Dkt. 20-9, at

24

ORDER ON DEFENDANT QUALITY LOAN
SERVICE CORP. OF WASHINGTON'S MOTION
FOR SUMMARY JUDGMENT- 9

1   12.   To the extent that Plaintiffs' FDCPA claims, or any other claims like their breach of

2   contract claim, are based on the appointment of Quality as the successor trustee, those claims

3   should be dismissed.

4      **E.  EVEN IF QUALITY WAS A "DEBT COLLECTOR," VIOLATION?**

5      Even if Quality was a debt collector under the FDCPA, aside from their own self-serving

6   allegations, Plaintiffs point to no evidence that Quality violated the statue.  They allege that

7   Quality made false and misleading statements, but offer no evidence that any of the statements

8   Quality made were, in fact false.  Plaintiffs appear confused as to the role of the Federal Home

9   Loan Mortgage Corp. ("Freddie Mac").  Quality has produced evidence that Freddie Mac owns

10  the Note (Dkt. 8), (as opposed to "holds" the note).  In Washington, rights under a note can be

11  split; there can be a party who "owns" the note (Freddie Mac here) and the party who "holds" the

12  note (Bayview here). *See Brown v. Washington State Dep't of Commerce*, 184 Wn.2d 509, 524–

13  25, 359 P.3d 771, 778 (2015).  "Washington law defines a 'person entitled to enforce an

14  instrument,' or a PETE, as (i) the holder of the instrument, (ii) a nonholder in possession of the

15  instrument who has the rights of a holder, or (iii) a person not in possession of the instrument

16  who is entitled to enforce the instrument pursuant to RCW 62A.3–309 or 62A.3–418(d)." *Id.*

17  (*quoting* RCW 62A.3–301). "A person need not own a note to be entitled to enforce the note."

18  *Id.* "The borrower owes and discharges his or her obligation to the PETE." *Id.*  The owner is

19  "entitled to the economic value of the note." *Id.*, at 779.  Plaintiffs' arguments regarding

20  Quality's references to Freddie Mac in the notices are without merit and would not be a basis for

21  a claim under the FDCPA.  Even if Plaintiffs could assert a claim against Quality under the

22  FDCPA, they offer no evidence that Quality did, in fact, violate the statute.  Their FDCPA claim

23  against Quality should be dismissed.

24

**F.  REMAINING CLAIMS**

Aside from the FDCPA and breach of contract claims, neither Quality nor Plaintiffs address any of the other claims raised in the Amended Complaint in anything other than general terms. Accordingly, the Court will not reach those claims at this time.  To the extent that Quality moves for summary dismissal on claims other than the FDCPA or Plaintiffs' breach of contract claim based on the appointment of Quality as the successor trustee, the motion for summary judgment (Dkt. 7) should be denied without prejudice.

## ORDER

Accordingly, it is hereby **ORDERED** that:

- Defendant Quality Loan Service Corp. of Washington's Motion for Summary Judgment.  (Dkt. 7) is **GRANTED,** as to Plaintiffs' claims against it for violations of the FDCPA and breach of contract claim based on its appointment as the successor trustee; and **DENIED**, without prejudice as to the remaining claims; and

- Plaintiffs' claims for violation of the FDCPA and for breach of contract claim based on the appointment of Quality as the successor trustee, **ARE DISMISSED WITH PREJUDICE**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 9th day of November, 2016.

ROBERT J. BRYAN
United States District Judge